UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


East Coast Serv. Indus.
Co. Inc., d/b/a Whiskeys 20,
Thomas Svoleantopoulos,
and Rosalie Sweeney

      v.                                   Civil No. 19-cv-1182-JD
                                                 Opinion No. 2021 DNH 035
New Hampshire State
Liquor Commission, et al.



O R D E R

East Coast Service Industry ("Whiskeys 20"), Thomas
Svoleantopoulos, and Rosalie Sweeney brought this suit against
the City of Manchester, the Manchester Police Department, and
several of their employees,[1] alleging violations of the federal
constitution and state law.[2]  The City of Manchester, the
Manchester Police Department, and their employees move to
dismiss the claims brought against them in the Amended
Complaint.  The plaintiffs object.

---

[1] The plaintiffs also brought claims against the New
Hampshire State Liquor Commission and its employees.  The court
previously dismissed these claims.  East Coast Serv. Indus. v.
N.H. State Liquor Comm., 2020 WL 5578332 (D.N.H. Sept. 17,
2020).

[2] The employees of the City of Manchester and Manchester
Police Department named in the Amended Complaint are Carlo T.
Capano, Ryan A. Grant, Alexander W. Martens, and John Does 2
through 20.

Standard of Review

In considering a motion to dismiss, the court asks whether the plaintiffs have made allegations that are sufficient to render their entitlement to relief plausible.  Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013).  The court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor.  Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019).  The court, however, disregards conclusory allegations that simply parrot the applicable legal standard.  Manning, 725 F.3d at 43.  To determine whether a complaint survives a motion to dismiss, the court should use its "judicial experience and common sense," but should also avoid disregarding a factual allegation merely because actual proof of the alleged facts is improbable.  Id.

The plaintiffs attached several documents to the Amended Complaint.  When evaluating a motion to dismiss, "[t]he court may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice."  R.G. Fin. Corp. v. Vergara-Nuñez, 446 F.3d 178, 182 (1st Cir. 2006).  The court may also consider documents about which the parties do not dispute authenticity, official public records, documents central to the

2

plaintiff's claim, and documents sufficiently referenced in the complaint.  Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).

## Background

The plaintiffs have operated "Whiskeys 20," a "restaurant and late-night lounge" in Manchester, New Hampshire, since October 2015.  Doc. 13 ¶¶ 1, 23.  The City of Manchester has required Whiskeys 20 to hire a police detail "nearly every night" it is open, which is "at least once or twice a week."  See id. ¶¶ 60, 142.  The plaintiffs do not allege when the City began requiring Whiskeys 20 to hire police details.  The plaintiffs do not allege through what process the City required Whiskeys 20 to hire police details.  Counsel for Whiskeys 20 challenged the continued need for the police details in late 2018 and June 2019.[3]

In a June 2019 e-mail attached to the Amended Complaint and referenced in the Amended Complaint, Manchester Police Department Assistant Chief of Police Ryan Grant stated that,

---

[3] In a June 2019 e-mail that the plaintiffs attached to the Amended Complaint, an attorney hired by Whiskeys 20 indicated that he had engaged in "endless rounds of negotiations" with the police department about the police detail requirement.  See doc. 13-5 at 3-4.  The attorney also indicated that an unknown process was used to require the police detail, referencing "whatever process was used to put it in place the first time." Id.

without the police details, patrol units were being called to Whiskeys 20 around closing time nearly every night it was open. Grant referenced Manchester City Ordinance § 111.67 as authority for requiring Whiskeys 20 to hire the police details.[4]  Whiskeys 20 alleges that it holds a restaurant license and that it does not hold functions that subject it to regulation under § 111.67.

According to the Amended Complaint, in 2017, 295 calls were made to the Manchester Police Department for service at Whiskeys 20; in 2018, 191 calls were made; and, through March of 2019, ten calls had been made for the year.  The plaintiffs allege that, in the first part of 2019, "the number of calls made to

---

[4] Section 111.67 of the Manchester City Ordinances states:

> When it is determined after investigation by the Chief of Police to be necessary to preserve order, protect the health, safety, and welfare of the citizens of the city, or to help avoid traffic-related problems, public disturbance, or public nuisance, all establishments required to be licensed under this subchapter shall be required to hire an off-duty police officer or officers during those hours the Chief of Police deems appropriate.  The Chief of Police may suspend the requirement after investigation as he deems appropriate, but his or her requirement may be reinstated following receipt of complaints and investigation by the Chief of Police.

"Establishments required to be licensed under" § 111.67's subchapter include dance halls and "entertainment place[s] of assembly."  Id. § 111.66.  Entertainment places of assembly are defined as "[a] room or space in which provision is made for occupancy or assembly for entertainment purposes."  Id. § 111.65.

Manchester PD for service at Whiskeys 20 for various incidents and/or events was lower than the calls made to two neighboring bars," Club Manchvegas and McGarvey's.  Doc. 13 ¶ 69.

The Manchester Police Department invoices Whiskeys 20 for the costs of the police details.  Each police detail costs Whiskeys 20 "approximately $258." Id. ¶ 84.  Whiskeys 20 has an outstanding balance of $3,000 for unpaid invoices.  The Manchester Police Department has threatened to refer Whiskeys 20 to the Manchester City Solicitor for proceedings to revoke or suspend Whiskeys 20's business license if the invoices remain unpaid.

A.   Claims

The plaintiffs alleged seven claims in their Amended Complaint:

- Count I: declaratory judgment;

- Count II: violation of equal protection rights under the Fourteenth Amendment;

- Count III: violation of procedural due process rights under the Fourteenth Amendment;

- Count IV: violation of Fourth Amendment;

- Count V: tortious interference with advantageous economic advantages with New Hampshire consumers;

- Count VI: intentional infliction of emotional distress; and

- Count VII: negligent infliction of emotional distress.

In its order on the New Hampshire State Liquor Commission's and its employees' motion to dismiss, the court dismissed Count I, which was brought against the Commission and two of its employees only.  The court dismissed Counts II through VII, which were brought against all the defendants, but only to the extent allegations were made against the Commission or its employees.  Therefore, of the original counts in the Amended Complaint, only Counts II through VII remain in the case and only to the extent allegations are made against the City of Manchester, the Manchester Police Department, or their employees.

<u>Discussion</u>

The City of Manchester, Manchester Police Department, and their employees move to dismiss the remaining claims.  The plaintiffs object to dismissal.

A.   <u>Manchester Police Department</u>

The defendants contend that the Manchester Police Department should be dismissed from the case because it is not a corporate body with a legal status separate from the City of Manchester.  They assert that claims putatively against the Manchester Police Department should be brought against the City

6

of Manchester.  The plaintiffs do not make any objection to
dismissal of the Manchester Police Department.

    A claim cannot be made against an entity that lacks the
legal status to sue or be sued.  See Evariste v. Boston Police
Dep't, 2019 WL 1383530, at *1 (D. Mass. March 27, 2019).  The
Manchester Police Department is not a corporate body with a
legal status separate from the City of Manchester.  See RSA 31:1
("Every town is a body corporate and politic, and by its
corporate name may sue and be sued, prosecute and defend, in any
court or elsewhere"); RSA 105:1 (describing processes for
appointment of chiefs of police and police officers by
municipalities); see also Kelley v. Hopkinton Vill. Precinct, 108
N.H. 206, 207 (1967) (stating that municipal corporation, not
zoning board, was the proper party defendant in appeal of zoning
board action).  The City of Manchester, therefore, is the proper
defendant where the actions of the Manchester Police Department
are involved.  Accordingly, the Manchester Police Department is
dismissed as a party defendant.  The court, however, construes
any allegation that the plaintiffs made against the Manchester
Police Department as being made against the City of Manchester.
See Lath v. Manchester Police Dep't, 2017 WL 11509857, at *2 n.3
(D.N.H. June 7, 2017) ("In this order, the court treats the MPD
and the City as a single defendant . . . .").

B.   Count II (Equal Protection Clause)

In Count II, Whiskeys 20 alleges that, in violation of the
Fourteenth Amendment's Equal Protection Clause, the City of
Manchester and its employees have treated it differently from
similarly-situated Manchester bars such as Club Manchvegas and
McGarvey's by requiring Whiskeys 20 to hire a police detail when
it is open for business.  The City of Manchester and its
employees argue that Whiskeys 20 fails to state a claim because
it makes no allegations that they acted with bad faith or
malicious intent to injure.  They also argue that a class-of-one
claim like the one brought by Whiskeys 20 is barred by Engquist
v. Oregon Dep't of Agric., 553 U.S. 591 (2008).

"The Equal Protection Clause contemplates that similarly
situated persons are to receive substantially similar treatment
from their government." Davis v. Coakley, 802 F.3d 128, 132
(1st Cir. 2015).  The Supreme Court has recognized a "class-of-
one" equal protection claim where the plaintiff alleges that,
for reasons unique to it, it "has been intentionally treated
differently from others similarly situated and that there is no
rational basis for the difference in treatment."  See Village of
Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Snyder v.
Gaudet, 756 F.3d 30, 34 (1st Cir. 2014).  In a class-of-one
equal protection claim, "the plaintiff ordinarily must also show

that the defendant's differential treatment of the plaintiff was motivated by bad faith or malicious intent to injure." Snyder, 756 F.3d at 34.

Whiskeys 20 has failed to allege facts or circumstances from which any bad faith or malicious intent to injure Whiskeys 20 can be imputed to the City of Manchester or its employees. Whiskeys 20 does not allege facts about the City's imposition of the police detail requirement or about the circumstances that surrounded it.  The only potential allegations relevant to the City's motivation for imposing the police detail come from Assistant Chief Grant's e-mail indicating that, without the detail, the police department had to dedicate officers to respond to Whiskeys 20 almost every night it was open.  This rationale for the City's action, however, does not suggest any bad faith or malicious intent to injure.

Whiskeys 20 argues that the police detail requirement is improper because the number of calls to the Manchester Police Department for service at Whiskeys 20 has declined from 2017 to March 2019.  That the number of calls to the police began to decline _after_ the City required the police detail[5] does not

---

[5] Although Whiskeys 20 did not allege when the police details were first required, it can be inferred from the allegations that they were required at some point prior to late 2018, when an attorney for Whiskeys 20 informally challenged the continued need for the details.

9

support an inference that the City acted maliciously or in bad faith in imposing the requirement.  Furthermore, even if the requirement was imposed based on an erroneous belief about the number of police service calls that would occur without the police detail, that does not constitute bad faith or a malicious intent to injure.  See Tapalian v. Tusino, 377 F.3d 1, 6 (1st Cir. 2004) ("Normally, such a plaintiff must establish more than that the government official's actions were simply arbitrary or erroneous; instead, the plaintiff must establish that the defendant's actions constituted a 'gross abuse of power.'").  For those reasons, the court dismisses Count II of the Amended Complaint.

C.   Count III (Due Process Clause)

In Count III, Whiskeys 20 alleges that the City and its employees violated its right to procedural due process under the Fourteenth Amendment by requiring it to hire police details.  The City and its employees argue that Whiskeys 20 has failed to allege facts that show it was deprived of any property interest and that Whiskeys 20 has failed to make any allegations about what process should have been provided to it.  Whiskeys 20 objects, arguing that the circumstances in which a police detail can be required are carefully constrained, so a licensee maintains a property interest in its business license sufficient

to warrant due process protection.  A procedural due process
claim requires the plaintiff to show that it has a protected
property interest and that the defendants deprived it of that
interest without due process.  Miller v. Town of Wenham, Ma.,
833 F.3d 46, 52 (1st Cir. 2016).

    1.  Property Interest

"Property interests are created and defined by state law."
Frank v. City of Manchester, No. 9-CV-389-PB, 2011 WL 3489888,
at *3 (D.N.H. Aug. 10, 2011) (citing Leis v. Flynt, 439 U.S.
438, 441 (1979)).  To have a protectable property interest, "a
person clearly must have more than an abstract need or desire
for [the benefit].  He must have more than a unilateral
expectation of it.  He must, instead, have a legitimate claim of
entitlement to it."  Bd. of Regents v. Roth, 408 U.S. 564 577
(1972).  Whiskeys 20 does not have a protected property interest
in holding a business license without paying fees to hire a
police detail.

The Manchester City Ordinances provide City officials
"broad discretion" to deny licenses for applicants who fail to
meet any of the City's requirements, so an applicant for a
business license in the City "has no entitlement to a license."
See Frank, 2011 WL 3489888, at *4.  Under the same ordinances,
the City has broad discretion to condition the continuance of a

11

license on the regular hiring of a police detail.  See
Manchester City Ordinances § 110.02(C) ("As a condition of
licensure, and at any time during the license period, a business
required to file under this chapter may be subject to additional
restrictions or conditions ordered by the Planning and Community
Development, Health, Police or Fire Departments as may be
warranted by any circumstances pertaining to a specific
establishment . . . .").  Since the City has broad discretion to
deny or condition licenses based on requirements it creates, a
license holder has no entitlement to holding a business license
without paying fees to hire a police detail.  See Frank, 2011 WL
3489888, at *4; Chongris v. Bd. of Appeals, 811 F.2d 36, 43-44
(1st Cir. 1987) (holding that applicant for "common victualler's
license" had no protectable interest where statute stated
licensing authorities "may" grant licenses and that authorities
had discretion to determine whether license was warranted by
"the public good").  Therefore, Whiskeys 20 does not have a
protected property interest in obtaining or continuing its
business license without the requirement of hiring a police
detail, and its due process claim fails for that independent
reason.  See Miller, 833 F.3d at 52.

12

2.  Deprivation of Property Interest without Due Process

Even assuming, however, that Whiskeys 20 has a protected
property interest, it has not alleged sufficient facts to show
that it was deprived of that interest without due process.
"[T]o establish the second prong of a procedural due process
claim (that the deprivation occurred without constitutionally
adequate process), plaintiffs must at least describe the process
afforded to them in relation to the alleged deprivation . . .
and identify the failings of that process or describe the
process that was due to them . . . ."  See Spencer v. Doran,
2020 WL 4904826, at *8 (D.N.H. Aug. 20, 2020) (citing Aponte-
Torres v. Univ. of Puerto Rico, 445 F.3d 50, 56 (1st Cir. 2006),
and Doe by Fein v. D.C., 93 F.3d 861, 870 (D.C. Cir. 1996)).
Whiskeys 20 fails to allege facts about when or how the police
detail requirement was imposed or about what process was made
available to it when the requirement was imposed.  The
Manchester City Ordinances, for example, provide a hearing
process to adjudicate disputes over restrictions on business
license holders imposed by the City or its employees in any of
its departments.  See Manchester City Ordinance § 110.27(A)
("Upon receipt of notification of denial of, or pending
suspension or revocation of, a business license, or for the
issuance of new or revised conditions or restrictions on the

[business] licensee from the office of the City Clerk, the applicant or licensee may request, in writing, a hearing before the Committee on Administration of the Board of Mayor and Aldermen."). Whiskeys 20, however, does not allege that it ever used that process or allege facts indicating that this process was unavailable or insufficient under the circumstances, which renders the claim non-cognizable. See Aponte-Torres, 445 F.3d at 56 ("The amended complaint is devoid of any information about the process afforded to the plaintiffs at the time any adverse actions were taken. Without this rudimentary factual underpinning, no cognizable due process claim can be culled from the meanderings of the amended complaint.").

For the foregoing reasons, Count III is dismissed.

D.   Count IV (Fourth Amendment)

Whiskeys 20 alleges that the City and its employees violated the Fourth Amendment by conducting searches of its premises without a warrant or Whiskeys 20's consent. In the motion to dismiss, the City and its employees assert that Whiskeys 20 fails to allege facts to show that any search or seizure occurred. They also argue that Whiskeys 20 consented to any searches or seizures that occurred. Whiskeys 20 objects, arguing that the police details were stationed inside the establishment. It contends that it did not consent to hiring

14

the police details and that it urged the City to terminate the
police details, which the City refused to do.

"The right of the people to be secure in their persons,
houses, papers, and effects, against unreasonable searches and
seizures, shall not be violated . . . ."  U.S. Const. amend. IV.
"A search within the meaning of the Fourth Amendment occurs
whenever the government intrudes upon any place and in relation
to any item in which a person has a reasonable expectation of
privacy."  United States v. Moss, 936 F.3d 52, 58 (1st Cir.
2019).  "[T]he Fourth Amendment protects people, not places.
What a person knowingly exposes to the public, even in his own
home or office, is not a subject of Fourth Amendment
protection."  Katz v. United States, 389 U.S. 347, 351 (1967).

The court has already found in this case that Whiskeys 20
has no reasonable expectation of privacy in the areas of its
business that are open to the public.  East Coast Serv. Indus.,
2020 WL 5578332, at *8.  Although the Amended Complaint alleges
that the police details were stationed inside Whiskeys 20, there
are no allegations in the Amended Complaint that indicate any
officers in the police detail entered any non-public part of
Whiskeys 20 in which it held a reasonable expectation of
privacy.  Therefore, Count IV of the Amended Complaint is
dismissed.  See Moss, 936 F.3d at 58.

15

E.   State Law Claims (Counts V through VII)

The City's employees argue that they are entitled to
official immunity under RSA 99-D:1 as to all the state law
claims.  The City and its employees also contend that Counts V
and VI, which allege violations of state law, should be
dismissed for failure to state a claim upon which relief can be
granted.  The court, however, must first address the question of
its jurisdiction to consider the state law claims.  See Camelio
v. American Fed., 137 F.3d 666, 672 (1st Cir. 1998).

The court's subject matter jurisdiction in this case is
premised on the existence of federal questions, specifically,
the federal constitutional claims raised by Whiskeys 20.  Those
claims have been dismissed.  As the parties in this case are
non-diverse, the state law claims that remain may proceed only
through the court's supplemental jurisdiction.  See 28 U.S.C.
§ 1367(a).  While a district court, in some circumstances, may
use its discretion to exercise supplemental jurisdiction even
after the basis for its original jurisdiction has evaporated, it
is prudent for a court to decline to exercise supplemental
jurisdiction when it has dismissed all original jurisdiction
claims during the early stages of a case.  See 28 U.S.C.
§ 1367(c)(3); Rossi v. Gemma, 489 F.3d 26, 38-39 (1st Cir. 2007)
("As a general principle, the unfavorable disposition of a

16

plaintiff's federal claims at the early stages of a suit . . .
will trigger the dismissal without prejudice of any supplemental
state-law claims."). Because the court has dismissed all claims
over which it has original jurisdiction during the early stages
of this case, the court declines to exercise supplemental
jurisdiction over the remaining state law claims. Therefore,
Counts V through VII of the Amended Complaint are dismissed
without prejudice for lack of jurisdiction. See Rossi, 489 F.3d
at 38-39.


## Conclusion

For the foregoing reasons, the motion to dismiss (doc. no.
41) is granted. Counts V through VII are dismissed without
prejudice for lack of jurisdiction. Because all claims in this
case have been dismissed, the Clerk of Court is directed to
close the case.

SO ORDERED.


Joseph A. DiClerico, Jr.
United States District Judge


February 17, 2021

cc:  Counsel of Record.


17